1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   JEFFERSON D. WALKER,              )    No. C 09-2791 JSW (PR)
                                      )
10          Petitioner,               )
                                      )
11      vs.                           )    **ORDER TO SHOW CAUSE**
                                      )
12   B. CURRY, Warden,                )
                                      )
13          Respondent.               )
                                      )
14   _____ )

15

16                          **INTRODUCTION**

17          Petitioner, a prisoner of the State of California, currently incarcerated at the

18   Correctional Training Facility in Soledad, California, has filed a habeas corpus petition

19   pursuant to 28 U.S.C. § 2254 alleging constitutional violations in his parole denial by the

20   Board of Parole Hearings (BPH). Petitioner has paid the filing fee. This order directs

21   Respondent to show cause why the petition should not be granted.

                            **BACKGROUND**

22          According to the petition, Petitioner was convicted of first degree murder in

23   Alameda County Superior Court in 1982 and was sentenced to 25 years-to-life in state

24   prison. In this habeas action, Petitioner does not challenge his conviction, but instead

25   challenges the execution of his sentence. Petitioner contends that the 2007 BPH decision

26   to deny him parole violates his federal due process rights. He alleges that he has

27   exhausted state judicial remedies as to all of the claims raised in his federal petition.

28

**DISCUSSION**

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     <u>Legal Claims</u>

Petitioner alleges that his constitutional rights were violated by the 2007 decision to deny him parole. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Superintendent v. Hill*, 472 U.S. 445 (1985); *McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003). Liberally construed, the allegations are sufficient to warrant a response from Respondent.

**CONCLUSION**

*For the foregoing reasons and for good cause shown,*

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent

within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED:  October 26, 2009

_____
JEFFREY S. WHITE
United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

JEFFERSON D WALKER,

        Plaintiff,

  v.

BOARD OF PAROLE HEARINGS et al,

        Defendant.

_____/

Case Number: CV09-02791 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jefferson D. Walker
California Training Facility
P.O. Box 689
C-49778
Soledad, CA 93960

Dated: October 26, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk