UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFERSON D. WALKER,<br>        Petitioner,<br>   v.<br>B. CURRY, Warden,<br>        Respondent. | No. C 09-2791 LHK (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1982, Petitioner was convicted in an Alameda County Superior Court of first degree murder for bludgeoning his wife to death while she slept, and was sentenced to twenty-five years-to-life in state prison. In 2007, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole on numerous grounds, including the circumstances of his commitment offense, his history of tumultuous relationships with others, and his need for self-help programming. (Ans., Ex. 4, Part 2 at 131–39.) The Board concluded that Pettioner

"would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (*Id.* at 131.) In response to the Board's decision, Petitioner sought, though was denied, relief on state collateral review. This federal habeas petition followed. As grounds for federal habeas relief, Petitioner alleges that the Board violated his federal due process rights by denying him parole.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively

unreasonable." *Id.* at 409.

## DISCUSSION

Petitioner claims that the Board's decision violated his federal right to due process, specifically that the Board's decision was not supported by "some evidence" of current dangerousness, a requirement under California law. (Pet. at 5.) "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U. S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication — and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, No. 10-333, slip op. 1 at 4 (U.S. January 24, 2011). The procedures required are "minimal." *Id.* A prisoner received adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why." *Id.* "The Constitution does not require more." *Greenholtz*, 442 U.S. at 16.

In the instant matter, Petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, and that he had received his records in advance, and was notified as to the reasons parole was denied. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. *Cooke*, No. 10-333 at 5. Petitioner's claim that the Board's decision did not comply with California's "some evidence" rule of judicial review is of "no federal concern." *Id.* at 6. Accordingly, the petition is DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is

DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

DATED: January 25, 2011

_____
LUCY H. KOH
United States District Judge